NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In Re SWORDS TO PLOWSHARES, NATIONAL VETERANS LEGAL SERVICES PROGRAM,**
*Petitioners*

---

2024-104

---

On Petition for Writ of Mandamus to the Department of Veterans Affairs.

---

**ON PETITION**

---

Before LOURIE, PROST, and STOLL, *Circuit Judges*.

PER CURIAM.

**O R D E R**

Petitioners, Swords to Plowshares and the National Veterans Legal Services Program, seek a writ of mandamus directing the Department of Veterans Affairs ("DVA") to take final agency action in its ongoing rulemaking proceedings to update and clarify existing regulations regarding eligibility for benefits based on character of discharge. The Secretary of Veterans Affairs opposes.

Because the Secretary's alleged failure to timely issue a final rule interferes with our jurisdiction to review the rule pursuant to 38 U.S.C. § 502, we have authority to

review petitioners' allegations of unreasonable delay under the All Writs Act, 28 U.S.C. § 1651. *See* 5 U.S.C. § 706(1); *In re A Cmty. Voice*, 878 F.3d 779, 783 (9th Cir. 2017); *Telecomms. Rsch. & Action Ctr. v. FCC*, 750 F.2d 70, 75 (D.C. Cir. 1984); *In re Paralyzed Veterans of Am.*, 392 F. App'x 858, 860 (Fed. Cir. 2010). However, mandamus is "reserved for extraordinary situations," *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988), where, *inter alia*, the right to issuance of the writ is clear and indisputable and issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Ct. for D.C.*, 542 U.S. 367, 380–81 (2004).

We are certainly troubled by the amount of time it has taken the DVA to conduct these rulemaking proceedings.* Nevertheless, the DVA has now submitted final amended rules to the Office of Information and Regulatory Affairs for review, and the Secretary represents to this court in his response that 150 days would be sufficient to finalize the rulemaking process. *See* Resp. at 24. We conclude that it is proper under these circumstances to deny the petition without prejudice to petitioners again seeking mandamus relief if the DVA should fail to take final action by April 15, 2024, by which time we fully expect final action to be completed.

Accordingly,

---

\*   The DVA initiated these rulemaking proceedings in 2016. It published a proposed rule in 2020. Based on more than 70 comments received, the DVA issued a request for information in 2021. And since that time, the DVA states that it has gathered information, held listening sessions, drafted multiple versions of the rule, conducted inter-agency meetings, received and evaluated feedback, and recommended its course of action to the Secretary.

IT IS ORDERED THAT:

The petition is denied.

FOR THE COURT

February 5, 2024
Date

Jarrett B. Perlow
Clerk of Court